IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LENARD ALFRED SMOCK, JR.,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**LISA MADIGAN,** )<br>**CAROLYN TAFT GROSBALL,** )<br>**WHIPPER JOHNSON,** )<br>**BRIAN BENNETT,** )<br>**MOLLY KAISER,** )<br>**JEREMY LLOYD,** )<br>**LOWELL TISON,** )<br>**RANDY NYBERG,** )<br>)<br>**Defendants.** ) | Case No. 21-cv-346-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Lenard Alfred Smock, Jr. filed this habeas corpus action to challenge the constitutionality of his confinement as a pre-trial detainee in the Saline County Detention Center. This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition and exhibits in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed, albeit without prejudice.

## The Petition

Petitioner was arrested on June 2, 2020 in Saline County, Illinois (Doc. 1, p. 5).  On June 9, 2021, Petitioner was found guilty of residential burglary following a jury trial in *People of the State of Illinois v. Lenard A. Smock, Jr.*, Case No. 20-CF-289 (Circuit Court of Saline County, Illinois)[1].  Petitioner was remanded to state custody pending his sentence hearing, which is currently set for August 3, 2021.  *See* 2020-CF-289 Record.  Petitioner is also charged with 1 count for violating the sex offender registration statute in *People of the State of Illinois v. Lenard A. Smock, Jr.*, Case No. 20-CF-296 (Circuit Court of Saline County, Illinois).[2]  This case is currently set for a pre-trial hearing on August 3, 2021.  *See* 2020-CF-296 Record.

Petitioner previously sought to remove his pending Case No. 20-CF-289 to this Court.  On December 16, 2020, Honorable Stephen P. McGlynn remanded the case to Saline County.  *Smock v. Johnson, et al*, Case No. 20-1339-SPM (S.D. Ill. 2020), at Doc.5.  Now, Petitioner invokes 28 U.S.C. § 2254 to challenge his pre-trial detention in Saline County, Illinois.  Because Petitioner is being held pending sentencing in Case No. 20-CF-289, and trial in Case No. 20-CF-295, he does not currently appear to be "in custody pursuant to a judgment of a State court" within the meaning of § 2254.  Accordingly, the petition shall be construed as having been brought pursuant to 28 U.S.C. § 2241.  *See*

---

[1] Saline County Circuit Clerk's online docket is publicly available at https://www.judici.com/courts/cases/case_dispositions.jsp?court=IL083015J&ocl=IL083015J,2020CF289,IL083015JL2020CF289D1 (last visited June 11, 2021) (hereinafter, "2020-CF-289 Record").  Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2] https://www.judici.com/courts/cases/case_dispositions.jsp?court=IL083015J&ocl=IL083015J,2020CF289,IL083015JL2020CF289D1 (last visited June 11, 2021) (hereinafter, "2020-CF-296 Record").

*Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) ("federal courts in certain instances have jurisdiction under 28 U.S.C. § 2241(c)(3)" to grant writ to pre-trial detainee in state custody) (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).

Petitioner raises a litany of issues with his detention and pre-trial proceedings in his state court cases. First, he alleges that the trials and pre-trial settings have been postponed many times over the past 12-months without his consent, hinting at a speedy trial issue. Further, Petitioner raises several alleged deficiencies with his trial counsel, the prosecution, and his bail (Doc. 1, pp. 6-8, 12-16). Finally, Petitioner claims that Saline County has been wrongfully interfering with his outgoing mail (Doc. 1, p. 8). Petitioner seeks his immediate release, dismissal of his criminal charges, dismissal of his obligation to register as a sex offender, and compensatory damages over $100,000.00 (Doc. 1, pp. 19-23).

## Discussion

A petition for writ of habeas corpus cannot be used to request monetary damages. Further, constitutional claims that do not have an indirect effect on the duration of confinement cannot be raised through a habeas petition. *Cole v. Beck*, 765 F. App'x 137, 139 (7th Cir. 2019) (citing *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011)). Accordingly, the Court declines to address those claims as alleged by Smock in his habeas petition.

As for Smock's remaining claims, the petition, as pled, does not present any basis for this Court to intervene in either of the pending state prosecutions or to order petitioner's release from state custody at this time. Under the abstention doctrine

outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings unless "special circumstances" exist. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010). Such special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. Moreover, in the interest of comity between federal and state courts, a habeas petitioner must exhaust his state court remedies before seeking relief in federal court. *Braden*, 410 U.S. at 490-92; *Neville v. Cavanagh*, 611 F.2d 673, 675 (1979).

To exhaust a claim, a federal habeas petitioner must provide the state courts with an opportunity to resolve his constitutional challenge "by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, (1999). In Petitioner's case, he sought to petition the Illinois Supreme Court for habeas relief in October 2020 (*see* Doc. 1, p. 48), but he failed to continue with those efforts after the court returned his petition for noncompliance with its local rules. Petitioner gives no indication that he has attempted to correct those issues to complete the presentation of his claims to the Illinois Supreme Court. Further, on June 9, 2021, the Saline County Court heard arguments from Petitioner concerning his speedy trial arguments and denied Petitioner's motion for dismissal on speedy trial grounds. *See* 2020-CF-289 Record. Petitioner has not since challenged that decision.

Aside from this apparent failure to exhaust in state court, the *Younger* doctrine also directs that this Court should abstain from interjecting itself into the state's prosecution of its cases against petitioner. Petitioner is being held by Saline County on six original

4

felony charges and has been found guilty on at least one of those charges. Not only does Petitioner seek release from custody on these charges, he seeks dismissal of all the charges against him. Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The *Younger* abstention doctrine is implicated here because Petitioner's ongoing proceedings are judicial in nature and involve the important state interest of adjudicating violations of state criminal laws. Further, there is no indication that the state proceedings would not provide petitioner with an adequate opportunity for review of any constitutional claims.

Further, while speedy trial clams can amount to an exceptional circumstance, *see Cole*, 765 Fed.App'x. at 138 (citing *Sweeney*, 612 F.3d at 573), state courts are competent to address speedy trial rights. This Court will assume that state procedures will provide petitioner with an adequate remedy, in the absence of unambiguous authority to the contrary. *FreeEats.com v. Indiana*, 502 F.3d 590, 598 (7th Cir. 2007). Nevertheless, Petitioner was arrested on June 2, 2020 (Doc. 1, p. 5), and has therefore been in custody over a year. This length of delay is presumptively prejudicial and triggers a more thorough analysis of Petitioner's speedy trial challenge. *United States v. White*, 443 F.3d 582, 589-590 (7th Cir. 2006) (Finding that delays approaching one year are presumptively prejudicial).

"The Supreme Court has established a four-factor balancing test to use in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated." *United States v. Ward*, 211 F.3d 356, 360–61 (7th Cir. 2000) (citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) and *Barker v. Wingo*, 407 U.S. 514, 530–33 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)).  Under this test, the Court must consider "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007); *Ward*, 211 F.3d at 360-61.  The focal inquiry for this analysis is the second factor: the reason for the delay. *Cole*, 765 Fed.App'x. at 138 (citing *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986) and *United States v. Hills*, 618 F.3d 619, 640 (7th Cir. 2010)).  Generally, delays resulting from defense counsel's need to prepare are attributable to the defendant, and delays resulting from a trial court's schedule are ultimately attributed to the government but weighed less heavily.  *Hills*, 618 F.3d at 630 (internal citations omitted).

Reviewing the records contained in the Petition, in addition to those available from Saline County, these factors weigh against Petitioner.  An examination of Petitioner's criminal proceedings indicates that Petitioner's trial or pre-trial hearing had been continued at least five times.  However, most of these continuances cannot be attributed directly to the prosecution.  Indeed, two of the continuances resulted from the Covid-19 pandemic and counsel's exposure to the Covid-19 virus requiring counsel to quarantine in accordance with State and Federal health guidelines.  Two other continuances were

granted as a result of Petitioner's appointed attorneys moving to withdraw. The last continuance before his trial in Case No. 2020-CF-289 appears to have been requested by Defendant's counsel. *See* 2020-CF-289 Record. Accordingly, the reason for delay here, is at best, a neutral factor in this analysis, as Defendant has either initiated or acceded to the continuances. *See United States v. White*, 443 F.3d 582, 590 (7th Cir. 2006); *Cole*, 765 Fed.App'x. at 138-39.

Finally, the rest of the factors do not support Petitioner's position, either. The petition is silent as to when Petitioner made a speedy trial demand, although, the docket entries suggest that Saline County Court heard arguments on Petitioner's speed trial concerns and dismissed them. Petitioner has not since challenged that decision. The Seventh Circuit has instructed that "a defendant has *some* responsibility to assert" this right, and therefore without a showing by defendant that he has asserted his right to a speedy trial, it will "make it difficult for a defendant to prove that he was denied as speedy trial." *United States v. Oriedo*, 498 F.3d 593, 596-97 (7th Cir. 2007) (emphasis in original). Further, Petitioner cannot point to any prejudice that outweighs the concerns underlying the delay. *Cole*, 765 Fed.App'x. at 139 (citing *Hills*, 618 F.3d at 630 ("A defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay.")). Petitioner's allegations are not sufficient for the Court to conclude that federal intervention is necessary at this time in order to prevent a violation of petitioner's constitutional right to a speedy trial.

None of the other grounds raised by Petitioner implicate a constitutional right that would allow for federal habeas relief, which here, can only be granted under § 2241 if

7

Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The only basis for a Court to grant federal habeas relief is a violation of federal statutory or constitutional law. *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir. 1986). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Cole v. Young*, 817 F.2d 412, 416 (7th Cir. 1987). To the extent that petitioner may be implying that the prosecuting attorney brought the charge in Case No. 20-CF-296 in bad faith – which may allow for an exception to *Younger* abstention – the petition does not establish grounds for relief on that basis.

## Disposition

For the above stated reasons, Petitioner's Writ of Habeas Corpus (Doc. 1) is **DISMISSED, without prejudice**.

Further, Petitioner's Motion for Copies (Doc. 5) is **DENIED**. Petitioner appears to request copies of certain documents filed in this matter; however, it is unclear from his Motion which specific document he is requesting. Accordingly, Petitioner's Motion is denied.

**SO ORDERED.**

Dated: June 11, 2021

_____
DAVID W. DUGAN
United States District Judge